[L. A. No. 16405.   In Bank.—January 5, 1939.]

M. M. LE SAGE, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Respondent.

Claude I. Parker, Ralph W. Smith, G. C. DeGarmo and W. M. Crane for Appellant.

Mott, Vallee and Grant and Paul Vallee, as *Amici Curiae,* on Behalf of Appellant.

Laurence W. Beilenson for Respondent.

THE COURT.—This appeal presents the question of the sufficiency of a complaint which charges Title Guarantee and Trust Company with responsibility for certain securities alleged to have been issued and sold in violation of the Corporate Securities Act (Stats. 1917, p. 673, as amended). A demurrer of the trust company to the complaint was sustained without leave to amend and the appeal was taken both from that order and from the judgment which followed it.

The complaint is in forty-three counts, each of which is based upon the purchase, by an assignor of the plaintiff, of a promissory note secured by an assignment of beneficial interest in a trust. According to the complaint, in 1923, there was conveyed to the trust company certain real property, the consideration for which was furnished to the grantor by the other defendants. Two years later all of the defendants entered into a declaration of trust which provides that the trust company shall hold title to the property as trustee. The declaration of trust further provides that this property shall be subdivided, improved and sold upon certain conditions and that those persons who contributed the considera-

tion for the purchase of the property shall be beneficiaries in proportions named.

Other allegations of the complaint are: "That for the purpose of facilitating the sale and issuance of said beneficial interests to the public, the defendants appointed and empowered [certain] defendants . . . as an executive committee under said trust to execute to each purchaser as evidence of said beneficial interests to be so sold a promissory note in the amount paid by each, reciting that it is secured by an assignment of the beneficial interest in said trust in said proportion. That from 1925 to 1930 all of the defendants in this action offered, issued and sold, or aided and participated in the offer, issuance and sale to the public, including plaintiff's assignors herein, beneficial interests in said trust and all payments therefor were, according to an understanding between the defendants, made to and received by defendant Title Guarantee & Trust Company under said trust, and said executive committee for and on behalf and with the approval of all of the defendants executed to the respective purchasers of said beneficial interests its promissory notes . . . as evidence of said payment and the purchase of interests as hereinafter related."

The plaintiff then complains that no permit was ever issued by the commissioner of corporations for the issuance or sale of any right in the trust, and that "all of the defendants herein fraudulently and wrongfully represented and warranted to plaintiff's assignors that the same were legal, valid and genuine, when in fact they were illegal, void, fictitious and wholly valueless, and a total failure of consideration therefor occurred". The plaintiff's assignors "were accordingly damaged by the said fraud and illegal acts of the defendants in the amount paid by each".

All of the notes are dated between March 1, 1926, and March 1, 1930. The complaint was filed in February, 1934. In each cause of action it is alleged that neither the plaintiff nor his assignor knew or discovered that no permit had been issued until June, 1933. It is said that about the month of March, 1933, Title Guarantee and Trust Company ceased to pay interest on the notes and an investigation was then made which showed the lack of a permit.

Under the principles stated in *Mary Pickford Co.* v. *Bayly Brothers, Inc.* (*ante,* p. 501 [86 Pac. (2d) 102]), filed

concurrently herewith, the allegations of the complaint sufficiently charge the defendants with the commission of a fraud. ■ If the defendants by answer plead the defense of the statute of limitations and can show that they acted in good faith upon information sufficient to warrant a belief that no permit for the issuance or sale of the securities was required, then the plaintiffs cannot recover. However, the cause of action as stated in the complaint sounds in fraud, and having been brought within three years after either the plaintiff or his assignors had knowledge that no permit was issued, the demurrer should not have been sustained.

■ Respondent contends that the complaint is defective "because it contains no allegation of a lack of a permit to issue promissory notes". This contention has no merit. The complaint alleges "that no permit for the issuance and/or sale to any party of any right in said trust, its assets, earnings or income was ever issued by or secured from the Commissioner of Corporations of the State of California and each and all of the rights and interests purportedly assigned and transferred to plaintiff's assignors, and all instruments issued to them purporting to create and evidence such rights and interests always were and are illegal and void". These allegations are sufficient to charge the defendants with a failure to secure a permit for the issuance and sale of the promissory notes.

■ The respondent argues that under the law it was not required to secure a permit to issue and sell securities. The complaint charged that all of the defendants "offered, issued and sold or aided and participated in the offer, issuance and sale [of the notes] to the public". However, specific allegations show that the trust company did not issue the notes. They were executed by a committee acting in behalf of the beneficiaries under the declaration of trust. Any immunity which the trust company had did not extend to the issuers, and since the allegations of the complaint are broad enough to include a charge that the trust company participated in the general scheme and plan to issue and sell void securities, it is jointly liable for any damages which resulted. (*Mary Pickford Co.* v. *Bayly Brothers, Inc., supra.*)

The judgment is reversed and the superior court is directed to overrule the demurrer and allow Title Guarantee and

Trust Company to answer within a reasonable time. The appeal from the order sustaining the demurrer is dismissed.

Houser, J., deeming himself disqualified, did not participate in the foregoing opinion.

Rehearing denied. Langdon, J., voted for a rehearing.