[L. A. No. 16385.   In Bank.—January 5, 1939.]

MABEL P. BARTLETT, Plaintiff and Appellant, v. SUBUR-
BAN ESTATES, INC. (a Corporation), et al., Defend-
ants and Appellants.

[L. A. No. 16386.   In Bank.—January 5, 1939.]

J. L. HICKSON et al., Plaintiffs and Appellants, v. SUB-
URBAN ESTATES, INC. (a Corporation), et al., De-
fendants and Appellants.

[L. A. No. 16387.   In Bank.—January 5, 1939.]

B. A. FINCH, Plaintiff and Appellant, v. SUBURBAN ES-
TATES, INC. (a Corporation), et al., Defendants and
Appellants.

[L. A. No. 16388.   In Bank.—January 5, 1939.]

REESE LLEWELLYN, Plaintiff and Appellant, v. SUB-
URBAN ESTATES, INC. (a Corporation), et al., De-
fendants and Appellants.

[L. A. No. 16389.   In Bank.—January 5, 1939.]

LIDA WEBBER, Plaintiff and Appellant, v. SUBURBAN
ESTATES, INC. (a Corporation), et al., Defendants and
Appellants.

[L. A. No. 16390.   In Bank.—January 5, 1939.]

J. H. WATT, Plaintiff and Appellant, v. SUBURBAN ES-
TATES, INC. (a Corporation), et al., Defendants and
Appellants.

[L. A. No. 16391.   In Bank.—January 5, 1939.]

GEORGE W. PIERSON et al., Plaintiffs and Appellants,
v. SUBURBAN ESTATES, INC. (a Corporation), et al.,
Defendants and Appellants.

[L. A. No. 16392.   In Bank.—January 5, 1939.]

JAMES SHALDA et al., Plaintiffs and Appellants, v. SUB-
URBAN ESTATES, INC. (a Corporation), et al., De-
fendants and Appellants.

[L. A. No. 16393.   In Bank.—January 5, 1939.]

O. G. BATES, Plaintiff and Appellant, v. SUBURBAN ES-
TATES, INC. (a Corporation), et al., Defendants and
Appellants.

A. W. Sorenson, B. A. Finch, G. C. DeGarmo and W. M.
Crane for Plaintiffs and Appellants.

Swanwick, Donnelly & Proudfit, Finlayson, Bennett & Mor-
row, John W. Preston, Chapman & Chapman and Ward
Chapman for Defendants and Appellants.

W. H. Orrick, T. W. Dahlquist and Orrick, Dahlquist, Neff & Herrington, as *Amici Curiae,* on Behalf of Defendants and Appellants.

THE COURT.—The plaintiffs in the above-entitled cases purchased certificates of beneficial interest in the trust created by Bayly Brothers, Inc., and Edwards & Wildey Company and their rights are governed by the principles stated in the case of *Mary Pickford Co.* v. *Bayly Brothers, Inc., (ante,* p. 501 [86 Pac. (2d) 102]), the opinion in which is filed concurrently herewith. These cases and the Mary Pickford Company case were tried together and judgments were rendered in favor of the plaintiffs against the same defendants. The defendants appealed from each of the judgments and the defendants Harold Bayly and Roy D. Bayly and California Trust Company also appealed from each of several orders denying motions to vacate the judgment and enter ones favorable to them. The respective plaintiffs also appealed from each of the judgments, claiming that the court did not allow the full amount of interest to which they are entitled.

The complaints in the present cases are alike in their essential allegations. Each charges the defendants with implied fraud in that they sold to the plaintiffs a security within the meaning of the Corporate Securities Act (Stats. 1917, p. 673, as amended) in violation of the provisions of that statute requiring a permit therefor. The defendants pleaded the bar of the statute of limitations but the trial court found that the actions sounded in fraud, and having been commenced within three years after the plaintiffs discovered that no permit had been issued, they were not barred.

None of the plaintiffs relied upon or proved any representations concerning the validity of the securities sold other than those which may be implied from the issuance of the certificates representing the interests in the trust. Moreover, the findings in these cases go much further than those in the Pickford case. In each of them the court found "that none of the defendants in this action actually knew at the time of the creation of the trust and of the securities and of the issuance thereof, that any such permit was required. On the contrary, the agents and attorneys of the defendants to whom was delegated the duty of conducting the proceedings for the

organization of the corporation, Suburban Estates, Inc., the creation of the trust for the securities and providing for the issuance and sale thereof, were honestly of the opinion that no permit other than the permit obtained for the issuance of the stock of Suburban Estates, Inc., was required'' and ''that Harold Bayly, Roy D. Bayly and California Trust Company, a corporation, did not nor did either of them, nor did the agents or attorneys of either of them, have any knowledge or information that any permit required by law for the issuance of all or any of the instruments or securities in these findings referred to had not been issued''.

■ However, the defendants cannot escape liability merely because they had no knowledge or information that a permit was required. As stated in the Pickford case, the issuance or sale of a security carries with it an implied representation that a permit therefor has been secured if one is required by the Corporate Securities Act. But where the seller acted upon information sufficient to justify a reasonable man in concluding that no permit was required, then he is not liable in fraud even though he was mistaken in his belief.

■ Therefore, in so far as the liability of the defendants in these actions is concerned, as each of them was commenced more than six years after the sale of the securities, the plaintiffs cannot recover if the defendants acted upon information sufficient to justify a reasonable man in believing that a permit was not required. The question is not concluded by their honest opinion or by the fact that they had no knowledge that a permit was required, unless this opinion or knowledge was based upon information sufficient to justify a reasonable man in acting as they did. This is, of course, a question of fact.

The judgments are and each of them is reversed; and the appeal from each order denying a motion to vacate is dismissed.

Houser, J., deeming himself disqualified, did not participate in the foregoing opinion.

Rehearing denied. Langdon, J., voted for a rehearing.