[Civ. No. 15703.   Second Dist., Div. One.   Aug. 5, 1947.]

JACK MENKE et al., Respondents, v. RAND MINING COM-PANY (a Partnership) et al., Appellants.

Walter H. Hewicker for Appellants.

Forster & Gemmill, John G. Gemmill and Glenn E. Correa for Respondents.

WHITE, J.—This is an action for rescission of several contracts entered into between plaintiffs and defendants for the purchase by the former for a cash consideration, of the right to participate in the profits of a mining and milling venture. The complaint contains twelve causes of action. The first seven causes of action rest upon the claim that the aforesaid contracts are void for the reason that defendants did not obtain a

permit from the Commissioner of Corporations of the State of California authorizing the respective sales. In the final five causes of action the transactions referred to in the preceding seven causes of action are repleaded. The last five causes of action ask for rescission on the ground of actual fraud and deceit.

Except for the names of the plaintiffs, the dates of the transactions and the amounts of cash involved, the first seven and the last five causes of action are identical. From an adverse judgment, defendants prosecute this appeal.

The trial court found that the foregoing instruments were securities under the California Corporate Securities Act (2 Deering's Cal. Gen. Laws, Act 3814); that no permit was ever issued by the Division of Corporations of the State of California, authorizing the issuance of said securities. It was further found that in issuing the aforesaid instruments "defendants fraudulently and falsely pretended that the plaintiffs, respectively, were receiving valid and legal securities; that the plaintiffs, respectively, in paying the sums of money herein mentioned to the defendants, relied upon said fraudulent and false pretenses; that the defendants obtained the said sums of money through fraud and false pretenses."

At the commencement of the trial it was stipulated by defendants that the above-mentioned agreements were entered into and signed by the persons whose signatures they bore; that the monies alleged therein to have been paid were actually paid; that the Rand Mining Company was a partnership, consisting of the persons named herein as defendants; and that said defendants had never obtained a permit from the Commissioner of Corporations of the State of California, authorizing them to enter into the transactions set forth in the aforesaid written instruments.

The court thereupon heard argument of counsel upon the question of whether the foregoing documents constituted securities under the provisions of the California Corporate Securities Act, and determined that such documents did constitute securities within the purview of the act. In that regard it might here be noted that upon this appeal it is not seriously contended that the ruling of the court in this regard was erroneous.

It is first contended by appellants that the court's finding that they obtained money from respondents under false pretenses and by fraud and deceit is without evidentiary support "of any kind" in the record.

From an examination of the documents in question, it cannot be doubted that the court correctly decided that the instruments here in question were securities, as that term is defined by the Corporate Securities Act. It was stipulated that no permit had been secured from the Commissioner of Corporations prior to the issuance of such securities. Reaching the conclusion that the sale and issuance of such securities were made without obtaining the requisite permit, the court concluded that the transactions in question were void, that respondents obtained nothing of value for their money, and were thereby made the victims of an implied misrepresentation, and entitled to recover on the ground of fraud.

It is true, as contended by appellants, that the buyer of securities sold without a permit does not have a cause of action for fraud under all circumstances. The relation of seller and buyer under the circumstances here present does not give rise to a constructive fraud, which arises only when a special confidential or fiduciary relation exists between the parties which invests one of the parties with the "power and means to one to take undue advantage of, or exercise undue influence over, the other" (23 Am. Jur. 764). The applicable rule is thus stated by the Supreme Court in *Mary Pickford Co.* v. *Bayly Bros., Inc.*, 12 Cal.2d 501, 525 [86 P.2d 102], wherein it is said that "Upon a full consideration of the applicable principles of law, it is clear that a person who sells a security impliedly represents that a permit therefor has been secured when one is required by the Corporate Securities Act for such a sale. If this implied representation is false, then it is a negligent misrepresentation which is an actionable fraud, and the buyer's right of action does not accrue until he discovers its falsity unless the seller acted upon information sufficient to justify a reasonable man in concluding that no permit was required. In that event there has been a breach of warranty, but no fraud, and the buyer's cause of action accrues at the date of the sale." (See, also, *Bartlett* v. *Suburban Estates*, 12 Cal.2d 527, 530 [86 P.2d 117], and *LeSage* v. *Title Guarantee & Trust Co.*, 12 Cal.2d 531, 533 [86 P.2d 115].)

While the record herein contains no evidence that appellants did not believe a permit was required, it does contain an offer of proof made by them wherein, after the court had stated, "Well, the very fact that there was no Corpora-

tion Commissioner's permit constitutes fraud, doesn't it, as a matter of law,'' appellants' counsel stated in part:

''Mr. Hewicker: I offer to prove that none of the defendants ever offered to sell plaintiffs or any of them any interest in the partnership known as Rand Mining Company; that on the contrary, plaintiffs approached defendants for the purpose of purchasing an interest in a partnership which they, through outside investigation, felt would be a very profitable investment.

''Mr. Gemmill: If the court please——

''Mr. Hewicker: (Continuing) That the offer—just please let me finish my offer. I don't like to have my thoughts interrupted.

''The Court: One at a time.

''Mr. Hewicker: That the transaction was entered into voluntarily by the plaintiffs of their own free will. There was no inducement offered by the defendants or any of them; that the defendants did not exercise any duress or undue influence or fraud in the transaction; *that the defendants honestly believed that no permit was necessary from the Commissioner of Corporations* in order to carry out this transaction; (emphasis added). . . .'' Objection to the offer of proof was sustained.

Under the decisions hereinbefore cited, it is manifest that insofar as the first seven counts of the complaint, alleging failure of appellants to secure a permit were concerned, they were entitled to offer proof that they ''acted upon information sufficient to justify a reasonable man in concluding that no permit was required'' (*Bartlett* v. *Suburban Estates,* 12 Cal.2d 527, 530 [86 P.2d 117]). And it was prejudicial error to exclude such proffered evidence.

■ Appellants next urge a reversal upon the ground that the court below refused to permit them to offer testimony on the question of whether or not the parties were *in pari delicto.* In this regard the record reflects the following:

''The Court: The court will have to hold that these are securities and there was a violation of the Corporate Securities Act in not obtaining a permit for the sale of them before making the sale. That ends your lawsuit, doesn't it?

''Mr. Gemmill (one of appellants' counsel): Does the court care to hear me on the pari delicto question? Counsel raised that in his argument?

''The Court: No.''

This ruling was erroneous. When the court discovers facts which indicate that the contract is illegal and ought not to be enforced, it is required to pass upon the question of whether or not all the parties to the contract were *in pari delicto*. (*Domenigoni* v. *Imperial Live Stock etc., Co.*, 189 Cal. 467, 475, 476 [209 P. 36]). Appellants offered to prove that the parties were *in pari delicto* but the offer was summarily rejected by the court. If the evidence which was offered established the fact that respondents were equally culpable with appellants in the transactions, then the former must be held to be *in pari delicto* (*Miller* v. *California Roofing Co.*, 55 Cal. App.2d 136, 143, 144 [130 P.2d 740]). ■ The case of *Domenigoni* v. *Imperial Live Stock etc. Co., supra,* pages 475, 476, answers respondents' claim that the issue of *pari delicto* must be specifically pleaded before appellants are entitled to offer proof upon such issue.

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.